**UNITED STATES of America,**

**v.**

**Joseph ABRAMS, Harold H. Hyman, and Murray Berman, Defendants.**

United States District Court
S. D. New York.

Oct. 9, 1958.

Arthur H. Christy, U. S. Atty., for Southern Dist. of New York, New York City, for the United States. Earl J. Mc-Hugh, Asst. U. S. Atty., New York City, of counsel.

Henry G. Singer, Brooklyn, N. Y., for defendants Abrams and Hyman.

Edward S. Joseph, New York City, for defendant Berman

McGOHEY, District Judge.

On July 21, 1958, these defendants were arraigned in this district and entered pleas of not guilty to an indictment charging them with conspiracy to evade and evasion of income tax allegedly due from two corporations for 1951 and part of 1952.

■ On August 6, 1958, there became effective an amendment to United States Code T. 18 § 3237. It provides that, in a prosecution for income tax evasion begun in a district other than the one in which the defendant resides, if the offense involved use of the mails, the defendant may, by motion, elect to be tried in the district in which he resided at the time of the alleged offense: *"Provided, That the motion is filed within twenty days after arraignment of the defendant upon indictment or information."*[1]

On August 25, 1958, the defendants Abrams and Hyman filed individual elections to be tried in the Eastern District of New York where each claims he now resides and did reside at all times mentioned in the indictment; and each defendant moved for transfer of the case to that district.

It is clear and conceded that these elections and motions were not filed until 35 days after arraignment. The movants contend, however, that in a case such as this, where the arraignment occurred prior to the effective date of the statute,

1. 72 Stat. 512.

the latter should be construed as authorizing transfer if the election and motion are, as here, filed within 20 days of the statute's effective date. The contention is rejected. As the Senate report on the bill shows, the time limitation was imposed "In order to prevent dilatory transfers by defendants * * *."[2] There is no reason to suppose that Congress was unaware of the obvious fact that, under this time limitation, many defendants similarly charged who had been arraigned prior to the effective date of the statute might have substantially less than 20 days in which to make election or might indeed be completely barred from doing so. Congress, nevertheless, was obviously unwilling to make the statute applicable to the defendants named in all indictments for tax evasion which were pending on the effective date of the statute. Congress has clearly stated the terms under which a defendant may avail himself of the election authorized by the statute. A court may not substitute entirely different terms.

■ The defendants Abrams and Hyman further urge that in any event the court should transfer the case under Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C. The defendant Berman is named only in the conspiracy count. It does not appear whether he resides in the Eastern District of New York, but he has filed an affidavit consenting to transfer his case also.

One of the conditions for transfer under Rule 21(b) is that, "it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district." The instant indictment does not show that the alleged offenses were committed in both the Southern and Eastern Districts of New York. There is no bill of particulars.

The motion under United States Code T. 18 § 3237 is in all respects denied.

The motion under Rule 21(b) is denied, but with leave to renew if a bill of

particulars is later furnished by the Government showing that any of the offenses alleged were committed in both districts.

So ordered.

2. Sen.Rep. No. 1952, July 24, 1958; 1958 U. S. Code Congressional and Administrative News, Aug. 20, 1958, No. 13, page 3025, at page 3027.